Arkmael Ray Sales,                           Case No. 3:19-cv-1840

          Plaintiff

v.                                            MEMORANDUM OPINION AND ORDER

Annette Chambers Smith
Director, Ohio Department of Corrections,

          Defendant

*Pro se* Plaintiff Arkmael Ray Sales, a state prisoner presently incarcerated at the Allen Correctional Institution, brings this action pursuant to 42 U.S.C. § 1983 against Defendant Annette Chambers Smith, Director of the Ohio Department of Rehabilitation and Correction, alleging that Defendant violated his rights under the Constitution because he has been denied a medically necessary diet. (Doc. 4).

For the following reasons, I dismiss this action.

## BACKGROUND

Plaintiff is a state prisoner confined at the Allen Correctional Institution. He alleges that he has several medical conditions, including GERD. GERD is the acronym for gastrointestinal reflux disease. Plaintiff alleges that as a result of this condition he must avoid spicy and tomato-based products, but Defendant refuses to provide Plaintiff with food that is free of these ingredients. Plaintiff states that Defendant has acted through her agents PA Mayer, Dr. Granson, Ms. Tara Bisang, and the Health Care Supervisor employed at the Marion Correctional Facility[1] and/or the

---

[1] It is unclear whether Plaintiff's reference to the Marion Correctional Institution is an error, or if the events at issue took place there and he was later transferred to the Allen Correctional Institution.

Ohio Department of Corrections. (*Id.* at 6). He alleges that he explained the situation to Karen Stanforth, Assistant to the Chief Inspector, who "had the opportunity to explain the facts to the Defendant who knew or should have known of the results of continued consumption" of foods containing ingredients Plaintiff must avoid. (*Id.*) He states that Stanforth told him to eat out of his locker box as Defendant did not provide GERD diets. (*Id.* at 3). Plaintiff concludes by saying that Defendant, through her agents, "knew or should have known the damage such foods could cause to Plaintiff's esophagus[.]" (*Id.* at 6).

For relief, Plaintiff seeks compensatory damages and punitive damages, and requests that Ohio prisons set up a "dietary kitchen" for the preparation of special diets. (*Id.* at 7).

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

## ANALYSIS

"In order to plead a federal cause of action under § 1983, a plaintiff must plead two elements: '(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law.'" *Tate v. Comrie*, No. 5:16CV3090, 2018 WL 1409288, at *4 (N.D. Ohio Mar. 21, 2018) (emphasis removed) (quoting *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citations omitted)); *Waters v. City of Morristown,*

2

*TN*, 242 F.3d 353, 358-59 (6th Cir. 2001) (same) (citation omitted). Plaintiff alleges that Defendant's refusal to provide him with a GERD diet violates his civil and Constitutional rights.

The only Defendant in this action is identified by Plaintiff as the Director of the Ohio Department of Corrections. He alleges that the Director acted through her agents and knew or should have known of his condition and need for a special diet, but the Complaint contains no discernible allegations reasonably suggesting that the Defendant was personally involved in any of the alleged unconstitutional conduct.

It is well-established that liability cannot be imposed on supervisory officials under § 1983 solely on the basis of *respondeat superior*. *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[E]ven if a plaintiff can prove a violation of his constitutional rights, his § 1983 claim must fail against a supervisory official unless 'the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009) (citation omitted). "'At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Id.* (quoting *Combs,* 315 F.3d 548, 558 (6th Cir. 2002) (quoting *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982))). Even with the benefit of liberal construction, Plaintiff's allegations do not reasonably suggest that Defendant implicitly authorized, approved, knowingly acquiesced, or in any way participated in the alleged constitutional conduct. Therefore, he fails to state a plausible § 1983 claim against Defendant upon which relief may be granted, and this action is dismissed pursuant to § 1915(e)(2)(B).

## CONCLUSION

For the reasons stated above, I dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

I certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge